**EXIDE ALKALINE BATTERY DIVISION OF ESB, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 13721.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1970.

Decided March 26, 1970.

Homer L. Deakins, Jr., Greenville, S. C. (Thompson, Ogletree & Haynsworth, Greenville, S. C., on brief), for petitioner.

Douglas L. Leslie, Atty., National Labor Relations Board (Arnold Ordman,

Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Paul J. Spielberg, Atty., National Labor Relations Board, on brief), for respondent.

Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.

### PER CURIAM.

The Board's order is before us on the Company's petition for review and the Board's cross-application for enforcement. We enforce the order in all respects.

 The Board found that the Company interrogated and threatened employees and created an impression of surveillance in violation of section 8(a) (1) of the National Labor Relations Act. At the outset of the Union's organizational campaign the Company posted a letter which said, in part:

> *This Company does not want a union in this plant.* We don't think any outsiders, such as a union organizer from Georgia, have anything worthwhile or constructive to offer. The only things the union sells are confusion, turmoil and trouble—and they charge a price for it. This is why the Company will resist the union with every legal means available. (Emphasis in original.)

This document set the tone for the ensuing events which portray a pattern of coercive tactics on the part of the Company and amply support the section 8(a) (1) findings.

■ Secondly, the Board found that the Company violated sections 8(a) (3) and 8(a) (1) by discharging five employees for their union activity. All five were accused of transgressing a working time no-solicitation rule. However, the Board's finding, that the no-solicitation rule was resorted to as a pretext, is supported by the evidence as a whole. It is worthy of particular note that one of the aggrieved employees, Richardson, was fired for an alleged solicitation while he and another employee were waiting at the time clock to punch out for the day.

■ Finally, the Board held that the no-solicitation rules maintained by the Company were unlawfully broad in violation of section 8(a) (1). The rule, posted January 3, 1967 prohibited solicitation during "working time"; the April 24, 1968 rule inadvertently changed the phrase to "working hours." The Board contends that both of these phrases were ambiguous and could have been construed to cover the entire working day, including break time. We agree that after Richardson's discharge a prudent employee would have concluded that the Company was using an expansive interpretation. Therefore the Board was not unwarranted in concluding that the rules were illegally repressive.

The Board's order will be

Enforced.